WIL 1330.13A
Administrative Remedy
October 17, 2006

Attachment A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement 1330.13, Administrative Remedy Program, (December 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to the filing a formal written complaint. This form will be used to document your efforts toward informally resolving your grievance.

Inmate Name: Jimmie Sutton     Reg. No.: 13935-171     Unit: 2Bu

Specific Complaint and Requested Relief: The BOP has incorrectly
computated my current release date, on 02-28-2021.
I received 15 year and 5 months on 7-20-2006.
Fifthteen years and five month from 07-20-2006
Would give me a full expiration.     (Continue over)

Efforts Made by Inmate to Informally Resolve Grievance (be specific): _____

_____

_____

_____

_____

_____

Comments: _____

_____

_____

_____

_R. Keefe_  3-8-10          _J. Keyer_  3/6/10
Correctional Counselor Review / Date          Unit Manager Review / Date

_Jimmie Sutton_ 3-9-2010
Inmate Signature / Date

Exhibit-C
BP8

Maxout date on Dec. 20 2021.
    I've Received Prior Custody Credit of 132 days, Substraction 132 day from My Expiration date on Dec 20, 2021 give me 15 year and 1 month to Served in the BoP, of the 15 year and 1 month to Served.
    The BoP begin gave me to Earn GCT beginning on 03-10-2006 END My first year on 03-09-2007 I have Earned 216 days of GCT.
    Beginning my 15 year and 1 month on 03-09-2006 until Dec. 20, 2021 would make me Served my original 15 years and 5 month term without Prior Custody Credit and GCT Earned.
    The BoP has Violated Policy and title 18. U.SC 3585 and 3624. Sutton Request My Sentence Release date to be Corrected..

Exhibit-C
BP8

**FEDERAL CORRECTIONAL INSTITUTION**
**WILLIAMSBURG, SOUTH CAROLINA**
**PART B - RESPONSE TO REQUEST FOR INFORMAL RESOLUTION ATTEMPT**

Sutton, Jimmie #13935-171

**UNIT 2 BU**

**SUBJECT: Custody Violation**

You were sentenced to 185 months on July 20th, 2006. You received no jail credit, your projected release date wil be December 25th, 2019, with full term date of December 19, 2021. Because you received 132 days of jail credit, your computation began 132 days before the date the judge signed your judgement. Jail credit does not lessen your sentence, it begins it earlier. You are still obligated to serve your full sentence of 185 months. With jail credit, the date of your comp began is now March 10, 2006. Your sentence of 185 months from that date gave you a projected release date of August 15, 2019, with full term date of August 09, 2021. You have received full credit for all applicable time and your computation has been completed correctly.

I trust this information has addressed your concerns.

R. Kight, Correctional Counselor          Date 3-8-10

R. Keyes, Unit Manager          Date 3/8/10

Exhibit-C
Bp 8

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

2010 MAR 18 PM 2:45

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: JIMMIE SUTTON    13935-171    2BU431    F.C.I Williamsburg
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**  I am unsatisfied with the response remedy BP-229. My complaint was that the BOP has incorrectly computated my release date.

Unitex Team stated that the BOP has not violates any policy in computating my sentence release date. It further determine that prior custody credit does not lessen my sentence term but begin my sentence computation earlier.

Title 18 U.S.C 3585 states that all prior custody credit shall be credit toward each prisoner serving a term of incarceration.

The BOP computation and tentative full term release date is incorrect for a release date on Dec 19, 2021.

The BOP has violated P.S 5880.08 in computating my sentence release date that has extended the original term imposed of 185 months. I should only serve 15 yrs and 2 weeks after prior custody credit be substracted from 185 months. I was in prior custody 132 days before I was sentence. I request to have my 132 days credit seperate from my 185 months imposed on July 20, 2006.

3-16-2010
DATE

[signature] Jimmie Sutton
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____    _____
DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**    CASE NUMBER: _____

CASE NUMBER: 581607-F1

**Part C- RECEIPT**

Return to: _____
LAST NAME. FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

Exhibit C
BP 9

_____    _____
DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

USP LVN

# REQUEST FOR ADMINISTRATIVE REMEDY

Administrative Remedy Number: 581607-F1

Part B-Response

This is in response to your Request for Administrative Remedy, dated March 16, 2010, in which you claim your sentence is computed incorrectly.

A review of your file and sentence computation was conducted.   On July 20, 2006, you were sentenced in the United States District Court of South Carolina, to a term of imprisonment of 185 months.  Your sentence began on that date and you received credit for 132 days previously spent in custody.

In accordance with Program Statement 5880.028, Sentence Computation Manual (CCA of 1984), a prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of his sentence, beyond the time served, of <u>fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term</u>.  To receive Good Conduct Time (GCT) for the time you spent in prior custody, the prior custody was applied to the beginning of your sentence.  In short, you began earning Good Conduct Time on March 10, 2006, which is 132 days before your sentence date of July 20, 2006.  There is no indication your sentence has been computed incorrectly.

Therefore, based on the above, this response is provided for informational purposes only.

If dissatisfied with this response, you may submit an appeal on the appropriate form (BP-10), to the Regional Director's Office, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia, 30331-6226.  Your response must be received in their office within 20 calendar days from the date of this response.

_____
John R. Owen, Warden

_3/30-10_
Date

Exhibit-C
BP9

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: SUTTON JIMMIE A        13935-171    2Bue 431    F.CI Williamsburg SC
     LAST NAME. FIRST. MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL**    I am unsatified with the remedy response as the BOP is incorrectly compuating my sentence release date.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

The Warden response indicate that according with P.S 5880.28 the BOP has computated my release date correctly.

The BOP has computated my jail credit within my GCT giving me a specific release date.

Jail credit and GCT are seperate computation but are part of my sentence calculation.

I request that my jail credit be caculated and computated seperate from the awarding of earned GCT.


4-5-2010
_____
DATE                                        _____
                                            SIGNATURE OF REQUESTER

**Part B - RESPONSE**


---

_____                    _____
DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: 591607-R1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

                                            CASE NUMBER: _____

Return to: _____    _____    _____    _____
            LAST NAME. FIRST, MIDDLE INITIAL           REG. NO.      UNIT.         INSTITUTION

SUBJECT:_____

_____                    _____
DATE                                        SIGNATURE. RECIPIENT OF REGIONAL APPEAL

USP LVN                                                                         BP-230(13)
                                                                               JUNE 2002

Regional Administrative Remedy Appeal No. 581607-R1
Part B - Response

This is in response to your Request for Administrative Remedy Appeal receipted
April 13, 2010. You allege the Bureau of Prisons (BOP) has incorrectly computed your
release date. You state your jail credit time and good conduct time should be
computed separately. As relief, you request your jail credit time be computed
separately from your good conduct time.

We have reviewed your complaint and determined the Warden's response thoroughly
addresses the concerns raised in your Administrative Remedy Appeal. In addition, your
sentence computation has been updated and certified in Sentry by the Designation and
Sentence Computation Center (DSCC). Therefore, no further review is warranted and
your sentence will remain as computed by the DSCC.

Accordingly, this Regional Administrative Remedy Appeal is denied. If dissatisfied with
this response, you may appeal to the Office of General Counsel, Bureau of Prisons,
320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the
Office of the General Counsel within 30 calendar days of the date of this response.

4/29/10

_____
Date

_____
Regional Director, SERO

Exhibit C
BP 10

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Sutton Jimmie A    13935-171    234431    Williamsburg FCI
_____LAST NAME, FIRST, MIDDLE INITIAL_____    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**    I am unsatified with the remedy response that the BOP incorrectly computating my release date.

The BOP has misplaced 18 U.S.C 3585 and 3624 when awarding prior custody credit and Good-Conduct-Time. The BOP by statute cannot combined both jail creidt and GCT into one computation even though it is considered part of my sentence.

I'mrequesting that my prior custody creidt and GCT be computated seperate and reconsider the caculation of my sentence release date.

MAY, 10 - 2010
_____DATE_____

_____Jimmie Sutton_____
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

MAY 1 7 2010

Administrative Remedy Section
Federal Bureau of Prisons

_____DATE_____

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: 581607-A1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
_____LAST NAME, FIRST, MIDDLE INITIAL_____    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

Exhibit C
BP11

_____DATE_____    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
JUNE 2002

PRINTED ON RECYCLED PAPER

**Administrative Remedy No. 581607-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy wherein you contend that your federal sentence has been computed incorrectly. Specifically, you contend that your projected release date has been miscalculated due to the inappropriate application of prior custody credit and Good Conduct Time (GCT). You request that your prior custody credit and GCT be based on separate calculations, and that your sentence be re-computed.

A review of your record revealed that your prior custody credit and GCT credits are based on separate determinations. Your Expiration Full Term Date (EFT) of August 9, 2021, is based on a 185-month term beginning on July 20, 2006, less the 132 days of prior custody credit that has been applied to your sentence. In addition, you are eligible to receive a total of 725 days of GCT during the service of your 185-month sentence. Your current projected release date of August 15, 2019, is a result of reducing the EFT of August 9, 2021, by the 725 days of earned and projected GCT. Your sentence has been computed as directed by federal statute, and Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).

Your appeal is denied.

_29 JUNE 2010_
Date

_Harrell Watts, Administrator_
National Inmate Appeals

Exhibit-C
BP 11